IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| BOBBY BOYD | : | CIVIL ACTION |
|---|---|---|
| v. | : | No. 09-4619 |
| MICHAEL J. ASTRUE,<br>*Commissioner of Social Security<br>Administration* | :<br>:<br>: | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                   **March 18, 2011**

Plaintiff Bobby Boyd asks this Court to review the denial of his application for Supplemental Security Income (SSI) by the Commissioner of the Social Security Administration (Commissioner). Boyd claims he is disabled as a result of brain damage and leg and back problems and contends he is entitled to remand so that the Administrative Law Judge (ALJ) may consider a psychological evaluation created after his hearing.[1] After reviewing the administrative record, United States Magistrate Judge Jacob P. Hart issued a Report and Recommendation (Report) recommending this matter be remanded to the Commissioner for further proceedings. The Commissioner objected to the Report, asserting the new evaluation was not material and therefore did not entitle Boyd to remand. For the reasons described below, this Court adopts the Magistrate Judge's Report and remands this matter to the Commissioner for consideration of the post-hearing psychological report.

**FACTS**

---

[1] Boyd also originally alleged the ALJ erred in applying 20 C.F.R. § 416.963(b) by not considering Boyd to be in a "borderline" age category. The Magistrate Judge found this claim did not merit remand, and Boyd did not file an objection to this finding. As a result, this Court will consider only the Commissioner's objection to remand.

1

Boyd filed his current petition for SSI benefits on March 25, 2005,[2] alleging he has been disabled since January 9, 1999, due to brain damage and leg and back problems he suffered as a result of an assault. Boyd was born on October 4, 1957, making him 47 years old when he filed his petition and 49 years and seven months old when the ALJ issued his decision on May 15, 2007. Boyd was placed in a track for mildly retarded students when he was in grade school, and he stopped attending school in either ninth or tenth grade. Based on a single month in which Boyd earned a sufficient income to qualify as employed, the ALJ found Boyd had past relevant work experience. His overall employment record, however, is very limited, consisting of only a few months of unskilled custodial work. Boyd has a history of alcohol and drug abuse, but asserts he has not abused either substance since 2000.

Boyd's petition for benefits was initially denied on August 5, 2005. At Boyd's request, the ALJ held a hearing on September 11, 2006. On May 15, 2007, the ALJ denied Boyd's application for SSI benefits. Afterward, Boyd underwent psychological testing by Dr. Charles Johnson, a psychologist, as part of his third SSI application. In his report, which was filed in December 2007, Dr. Johnson found Boyd had an I.Q. of 69 and should be classified as mildly retarded.

Although Boyd sought to introduce the results of his mental examination in proceedings before the Social Security Appeals Council, his request for review was denied on August 7, 2009, making the ALJ's ruling the final decision of the Commissioner. Boyd then filed the instant action, seeking review of the Commissioner's decision. After reviewing the administrative record, the Magistrate Judge recommended this matter be remanded to the Commissioner for determination of

---

[2] Boyd previously filed an SSI application on April 19, 1999, which was denied because the ALJ found Boyd could perform some unskilled work. Boyd also filed a third application for SSI benefits in 2007.

whether, in light of the December 2007 evaluation, Boyd has a mental disability which would either qualify him as disabled or affect his Residual Functional Capacity (RFC). The Commissioner timely filed an objection to the Magistrate Judge's Report.

**DISCUSSION**

This Court reviews *de novo* the Commissioner's objections to the Report. 28 U.S.C. § 636(b)(1)(C). A court is bound by the ALJ's factual findings as long as such findings are supported by substantial record evidence. 42 U.S.C. § 405(g); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). This evidence must be "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotation marks omitted). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citation and internal quotation marks omitted).

To qualify for SSI benefits, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, the Commissioner employs a five-step evaluation. First, the Commissioner determines whether the claimant is currently engaged in substantial gainful activity. *Allen v. Barnhart*, 417 F.3d 396, 401 n.2 (3d Cir. 2005). If he is not, the Commissioner considers in the second step whether the claimant has a "severe impairment which significantly limits his physical or mental ability to perform basic work activities." *Id.* (internal punctuation and citation omitted). If the Commissioner finds the claimant suffers a severe impairment, the third step is to determine

whether the impairment meets or equals an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1, which would result in a presumption of disability. 20 C.F.R. § 404.1520. If the impairment does not meet or equal a listed impairment, the Commissioner assesses in the fourth step whether the claimant has the residual functional capacity (RFC) to perform his past work despite the severe impairment. *Allen*, 417 F.3d at 401 n.2. If the claimant cannot perform his past work, the final step is to determine whether there is other work in the national economy the claimant can perform. *Id.*

The ALJ applied the five-step test to determine whether Boyd was disabled. First, the ALJ found Boyd had not engaged in substantial gainful activity since submitting the instant SSI application. Second, the ALJ found Boyd has a severe back impairment. Third, the ALJ found Boyd's back injury did not meet or equal a listed impairment. Fourth, the ALJ found Boyd had the RFC to lift up to 10 pounds occasionally and to sit or stand for a combined total of eight hours. Additionally, the ALJ found, as part of his RFC analysis, Boyd had no severe mental impairment or work related mental limitations. Finally, although the ALJ found Boyd could not perform past relevant work, after considering the testimony of a vocational expert (VE), the ALJ applied the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2, to determine that Boyd could perform sedentary tasks, including working as an assembler, simple inspector, or order clerk. As a result, the ALJ concluded Boyd was not disabled.

After reviewing the administrative record, the Magistrate Judge determined remand was warranted because new information had become available which was material to the ALJ's finding regarding Boyd's mental abilities. Specifically, the Magistrate Judge recommended this matter be remanded to allow the ALJ to consider a December 5, 2007, psychological evaluation by Dr. Charles Johnson, which was conducted as part of Boyd's third application for disability benefits and

submitted after the administrative hearing in this case. The Commissioner filed an objection to the Report, arguing remand for the purpose of considering Boyd's December 2007 mental examination is not merited.[3]

Remand based on newly introduced evidence is authorized by the sixth sentence of 42 U.S.C. § 405(g), which states that a court may remand a case when there is new, material evidence, and there is good cause for its absence from the administrative record. *Id.*; *see also Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2000). Evidence is "new" if it is not "merely cumulative of what is already on the record." *Szubak v. Sec'y of HHS*, 745 F.2d 831, 833 (3d Cir. 1984). Evidence is "material" if it is "relevant and probative . . . [and] there is a reasonable possibility that the new evidence would have changed the outcome" of the administrative decision. *Id.* To be material, the evidence must also be relevant to the time period considered by the ALJ, and not simply demonstrate a later-acquired disability or deterioration of a previously non-disabling condition. *Id.*

Here, the Magistrate Judge found the December 2007 mental evaluation was new. The ALJ did not order a mental examination to address Boyd's claims of brain damage and learning disabilities, relying instead on an erroneous interpretation of Boyd's school records, which the ALJ incorrectly asserted did not include special education classes.[4] The Magistrate Judge found the

---

[3] In support of his objection, the Commissioner asserts the mental evaluation at issue was considered by the ALJ in connection with Boyd's third SSI application, and the ALJ in that proceeding found the evaluation did not entitle Boyd to SSI benefits. The ALJ's determination regarding Boyd's third application cannot be considered a final decision of the Commissioner, because it remains pending before the Social Security Administration Appeals Council. *See Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998) (stating that a decision is only final when the Appeals Council either issues a decision or denies review). As a result, the ALJ's conclusion as to Boyd's third application does not affect whether remand is appropriate here.

[4] As further explained below, Boyd's school records show he was placed in "RE" or "Retarded Educable" classes in second grade and do not indicate whether Boyd ever returned to a standard

mental evaluation was material because it reflects a life-long learning disability which existed during the time period considered by the ALJ, and found there is a reasonable possibility Boyd's mental disability could qualify Boyd as disabled by meeting or equaling a listed impairment, or could otherwise affect his RFC. The Magistrate Judge further found Boyd could not have introduced the December 2007 examination report before the ALJ's denial of benefits, which occurred several months before the examination was conducted. Accordingly, the Magistrate Judge recommended this case be remanded.

Under the listing of impairments, a claimant is considered disabled by mental retardation if he had "significant subaverage general intellectual functioning . . . during the developmental period," which must be demonstrated by onset of mental impairment before the age of 22. 20 C.F.R. part 404, subpt. P, app. 1, § 12.05. Such mental impairment may be shown by "a valid verbal, performance, or full scale [I.Q.] of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function." *Id.* at § 12.05(C). When Boyd was in second grade, he was determined to have an I.Q. of 71, leading to his placement in special education classes. The next year, Boyd was determined to have an I.Q. of 73. When Dr. Johnson performed Boyd's December 2007 mental health evaluation, he found Boyd had a full scale I.Q. of 69, and thus diagnosed Boyd with mild mental retardation. These results suggest it is possible Boyd's I.Q. score fell below 70 sometime before he reached the age of 22, which could affect the ALJ's analysis of whether Boyd is disabled by mental retardation.

The Commissioner argues the mental evaluation is not material because (1) it demonstrates only a subsequent deterioration of Boyd's mental capacity after adjudication by the ALJ, (2) the ALJ

---

education track.

took into account Boyd's learning disability by only including unskilled work in Boyd's RFC determination, and (3) Listing 12.05(C) requires an I.Q. score between 60 and 70 during early development.

The Commissioner's arguments are without merit. His contention that the I.Q. test only reflects a subsequent decline in Boyd's mental capacity fails because the mental evaluation was conducted only seven months after the ALJ's decision, and there has been no suggestion of any intervening event which could have caused a decline in Boyd's intelligence between the ALJ's decision and the psychological evaluation. The Commissioner's contention that the ALJ considered Boyd's mental capacity by assigning him only unskilled labor also fails based on the ALJ's contrary statement, made as part of his RFC analysis, that Boyd "has no severe mental impairment and therefore has no specific mentally imposed work-related restrictions." R. at 33. As for the Commissioner's argument regarding Listing 12.05, nothing in the listing requires the pertinent I.Q. evaluation must have been taken during the developmental period. Listing 12.05 requires only that "the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Part 404, Subpt. P, app. 1, § 12.05. As such, only a factual finding that the onset of the impairment occurred before the age of 22 is required. The ALJ, on remand, should consider all evidence, including all three I.Q. tests on record and Boyd's school records, to make a factual finding as to whether Boyd's mental condition equals Listing 12.05(C).[5]

---

[5] Boyd argues that, because a five-point margin of error is expected in I.Q. assessments, his grade school I.Q. scores of 71 and 73 may be considered strong evidence that Boyd meets or equals Listing 12.05(C)'s threshold I.Q. score of 70 or less. While the Third Circuit has held the plain language of the Listing requires an applicant's I.Q. to be 70 or below to meet the listing for mental retardation, *Burns v. Comm'r of Soc. Sec.*, 312 F.3d 113, 124-126 (3d Cir. 2002), this Court finds the question of whether Boyd's condition equals Listing 12.05(C) requires additional analysis. Notably, the Social Security Administration's Program Operations Manual System (POMS) states that "slightly

Finally, the Commissioner challenges the Magistrate Judge's finding that Boyd had good cause for not including the mental evaluation in the administrative record, asserting Boyd should have produced evidence showing his mental incapacity at the administrative level.[6] The Commissioner contends SSI applicants bear the sole burden of producing evidence to prove they are disabled, particularly when they are represented by counsel, because Title II of the Social Security Act requires applicants to furnish evidence to prove their disabilities. *See* 42 U.S.C. § 423(d)(5)(A). This statute is inapplicable to the present case, however, because Boyd seeks SSI benefits pursuant to Title XVI of the Social Security Act, which is codified at 42 U.S.C. § 1361, et seq. As the Third Circuit has explained, "The statutory language in Title II which places the burden of proof as to the medical basis of a finding of disability on the claimant at all times is simply not present in Title XVI." *Ferguson v. Schweiker*, 765 F.2d 31, 36 n.4 (3d Cir. 1985) (stating that, because Title XVI creates a need-based program, "it would be unreasonable to expect a claimant to pay for the medical evidence necessary to establish disability" (citation omitted)). Moreover, an ALJ has an affirmative duty to "investigate the facts and develop arguments both for and against granting

---

higher [I.Q.s] (e.g., 70-75) in the presence of other physical or mental disorders that impose additional and significant work-related limitation of function may support an equivalence determination." POMS § DI 24515.056D.

Boyd also asks this Court to order the ALJ to hear testimony from a psychological expert to determine equivalence. There is no support for such an order at this point. The ALJ must consider the record and may, if necessary, order the production of evidence required to fully develop the record, including further medical or psychological evaluations. *See Markle v. Barnhart*, 324 F.3d 182, 189 (3d Cir. 2003).

[6] The Commissioner also suggests any issue related to the 2007 mental examination is precluded from this Court's consideration because the issue was not exhausted at the administrative level. Boyd, however, properly brought the mental evaluation in front of the Appeals Council pursuant to 20 C.F.R. § 404.970(b). Additionally, there is no requirement of issue exhaustion at the administrative level in SSA cases. *Sims v. Apfel*, 530 U.S. 103, 112 (2000). Any exhaustion argument is therefore inappropriate.

benefits." *Sims*, 530 U.S. at 111; *see also Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995) ("ALJs have a duty to develop a full and fair record in social security cases. . . . [A]n ALJ must secure relevant information regarding a claimant's entitlement to social security benefits."). Thus, the fact Boyd did not pay to have his own mental examination conducted before the administrative hearing does not undermine the Magistrate Judge's conclusion that Boyd had good cause for failing to include such an examination in the administrative record prior to the ALJ's ruling. Given that the mental evaluation in question did not exist until after the ALJ decision and Boyd did not have an affirmative obligation to provide such an evaluation himself, this Court agrees with the Magistrate Judge's conclusion that there was good cause for the evaluation not to have been included in the original record before the ALJ.

Having found the mental evaluation of December 5, 2007, to be both new and material, and that there was good cause for its absence from the administrative record, this Court overrules the Commissioner's objections and adopts the Magistrate Judge's recommendation. Pursuant to 42 U.S.C. § 405(g), this case shall be remanded to the Commissioner to consider whether, in light of the results of the December 2007 mental evaluation, Boyd's condition meets or equals Listing 12.05, or whether the evaluation otherwise affects his RFC.

An appropriate order follows.

BY THE COURT:

\s\ Juan R. Sánchez
Juan R. Sánchez, J.